SUNGLASS PRODUCTS INC., d/b/a
Personal Optics, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 04–1342, 04–1364.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 27, 2005.

Richard Liebeskind, Pillsbury Winthrop, Washington, DC, for Petitioner.

David Allen Seid, Robert J. Englehart, Jill A. Griffin, Aileen A. Armstrong, Deputy Associate General Counsel, National Labor Relations Board, Washington, DC, for Respondent.

Before: EDWARDS, HENDERSON, and RANDOLPH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on a petition for review and cross-application for enforcement of an order of the National Labor Relations Board ("Board" or "NLRB") and was briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED**, by this Court, that the petition for review is hereby denied, and the Board's cross-application for enforcement is granted substantially for the reasons given by the Board in the decision under review. *See Sunglass*

Products Inc. d/b/a Personal Optics, 342 N.L.R.B. No. 96, 2004 WL 1967541 (Aug. 31, 2004) (hereafter "Personal Optics").

In Personal Optics, the Board affirmed the rulings, findings, and conclusions of the Administrative Law Judge ("ALJ") and adopted the ALJ's recommended Order. The NLRB found that petitioner Sunglass Products Inc. d/b/a Personal Optics violated §§ 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5) (2000), when it refused to execute and implement the terms of a collective bargaining agreement negotiated with Laborers International Asbestos & Toxic Abatement, Local 882, Laborers International Union of North America, AFL–CIO ("Union"). The decision correctly notes that "Board law is clear regarding whether a binding agreement exists where employee ratification is an issue. Employee ratification is an internal union procedure; unless the parties expressly make ratification a condition precedent to reaching a contract, it is not obligatory. If ratification is a self-imposed requirement, an employer may not refuse to sign an otherwise agreed-upon contract because of nonratification." See Personal Optics, 2004 WL 1967541, at *7. The ALJ noted that in a letter from the Union to Personal Optics just prior to active negotiations, the Union indicated that its representative had authority to negotiate only a "tentative agreement . . . subject to ratification by the bargaining unit employees and the Local Union Executive Board," see Decision, slip op. at 3, reprinted in Deferred Appendix ("D.A.") 3 (quoting Letter from Humberto M. Gomez, Business Manager, Asbestos & Toxic Abatement Employees Union, Local Union 882, to Jennifer P. Asheley [sic], Phillsbury, Madison & Sutro LLP [sic] (Sept. 28, 2000), reprinted in D.A. 329). The ALJ did not go to great lengths to distinguish all potentially adverse Board precedent, see, e.g., Observer–Dispatch, 334 N.L.R.B. 1067, 2001 WL 1807362 (2001), suggesting that such a statement may establish ratification as a condition precedent. Nevertheless, the record clearly supports the Board's finding that the parties effectively reached complete agreement on all terms and conditions of employment and that the agreement was not conditioned on ratification by bargaining unit employees. Indeed, the record indicates that, at the conclusion of negotiations, when the employer's counsel transmitted the company's final offer to the Union, counsel's cover letter stated: "We understand that if the proposal is ratified by the bargaining unit or otherwise accepted by the Union, the Union and the Company will enter into the side letter discussed during the collective bargaining negotiations." Letter from Jennifer P. Ashley, Pillsbury Winthrop LLP, to Mario Brito, Asbestos & Toxic Abatement Employees Union, Local Union 882 (May 2, 2001), reprinted in D.A. 407 (emphasis added). This letter was sent just after the Union had advised the employer that ratification of the contract was an internal union matter. Furthermore, there is nothing in the agreement itself that says ratification by the entire bargaining unit is a condition precedent to contract formation. Therefore, the Board was fully justified in holding that "[t]he Agreement was . . . ratified when the negotiating committee unanimously accepted it." See Personal Optics, 2004 WL 1967541, at *8. Because the Board's decision is supported by substantial evidence on the record considered as a whole and entirely consistent with established legal precedent, we hereby enforce the decision and the remedial order that accompanies the decision.

 

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C. Cir. Rule 41.